UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN CAMPBELL,

     Plaintiff,                       CIVIL ACTION NO. 16-cv-12922

     v.                            DISTRICT JUDGE MATTHEW F. LEITMAN

DANIEL MACK *et al.*,            MAGISTRATE JUDGE MONA K. MAJZOUB

     Defendants.
_____/


## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [37] AND DENYING PLAINTIFF'S MOTION TO COMPEL [48]

This matter comes before the Court on Plaintiff Kevin Campbell's Motion to Compel Discovery from Defendant Allen Park (docket no. 37) and Plaintiff's Motion to Compel Defendants to Provide Unredacted Files of Any Other Persons Strip Searched or Bodily Cavity Searched by Defendant Mack (docket no. 48). Defendants responded to Plaintiff's Motions, and Plaintiff replied to Defendants' Response to the second Motion. (Docket nos. 40, 41, 52, 53.) The parties have also filed Joint Statements of Resolved and Unresolved Issues regarding Plaintiffs' Motions. (Docket nos. 46, 54.) The Motions have been referred to the undersigned for consideration. (Docket nos. 38, 49.) The Court has reviewed the pleadings and dispenses with oral argument on Plaintiff's first Motion to Compel pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court heard oral argument regarding Plaintiff's second Motion to Compel on October 30, 2017 at 1:30 p.m., at which the Court took the matter under advisement. The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

## I.    BACKGROUND

On August 10, 2016, Plaintiff initiated this civil rights action pursuant to 42 U.S.C. § 1983 against the City of Allen Park and three of its police officers:  Daniel Mack, P. Morris, and an Unknown Officer.  (Docket no. 1.)  The parties stipulated to the dismissal of Defendant Morris on December 20, 2016, and Plaintiff subsequently filed an Amended Complaint on February 23, 2017, adding Allen Park Police Officers Patrick Moore and Kevin Gersky as Defendants.  (Docket nos. 21, 28.)  In the Amended Complaint, Plaintiff alleges that Defendant Mack pulled him over on June 7, 2016, for not having a visible license plate, and upon determining that Plaintiff's driver's license was suspended, he arrested Plaintiff, searched Plaintiff's car with the assistance of a canine, and took Plaintiff to the Allen Park Police Station. (Docket no. 28 ¶¶ 8-12, 14.)  At the police station, Defendant Mack allegedly performed strip searches and body cavity searches of Plaintiff in the presence of and with assistance from Defendants Moore and Gersky.  (*Id.* ¶¶ 15-28, 39.)  Plaintiff alleges that the actions of Defendants Mack, Moore, and Gersky violated his Fourth Amendment rights to be free from wrongful stop, search and seizure, and use of excessive force, as well as his First, Fourth, and Fourteenth Amendment rights to due process and fair treatment during a stop, search, seizure, and arrest.  (*Id.* ¶ 35.)  Plaintiff also asserts a municipal liability claim against Defendant City of Allen Park and a state-law claim of intentional infliction of emotional distress.  (*Id.* ¶¶ 40-47.) Plaintiff seeks damages in excess of twenty million dollars.

The instant Motions to Compel arise from Plaintiff's Combined Discovery Request Directing Interrogatories and Request for Production of Documents, and Defendants' responses thereto.  (*See* docket nos. 37-2, 37-3.)  In particular, Plaintiff's Motion to Compel Discovery from Defendant Allen Park concerns Plaintiff's Interrogatory nos. 5, 7, 22, 23, and 24 and

Request for Production ("RFP") nos. 4, 5, 6, 8, 9, 14, 18, 23, 24, 27, and 28. (Docket no. 37 at 7-13.) Plaintiff does not identify a specific discovery request at issue in his Motion to Compel Defendants to Provide Unredacted Files of Any Other Persons Strip Searched or Bodily Cavity Searched by Defendant Mack;[1] however, in their Response to the Motion, Defendants indicate that the Motion concerns documents that they provided as part of their supplemental response to Plaintiff's Interrogatory no. 18. (*See* docket no. 48, docket no. 52 at 7.) According to the Joint Statements of Resolved and Unresolved Issues filed in this matter, the parties have resolved their disputes regarding Interrogatory no. 22 and RFP nos. 6 and 23. The Court will now address the parties' arguments regarding the remaining fourteen discovery requests at issue.

## II.     GOVERNING LAW

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 402 (6th Cir. 1998). Parties may obtain discovery on any matter that is not privileged, is relevant to any party's claim or defense, and is proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). But the scope of discovery is not unlimited. "District courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

---

[1] Plaintiff's Motion therefore violates Eastern District of Michigan Local Rule 37.2. ("Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.")

Rules 33 and 34 allow a party to serve interrogatories and requests for production of documents on an opposing party. Fed. R. Civ. P. 33, 34. A party receiving these types of discovery requests has thirty days to respond with answers or objections. Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A). If the party receiving discovery requests under Rules 33 or 34 fails to respond properly, Rule 37 provides the party who sent the discovery the means to file a motion to compel. Fed. R. Civ. P. 37(a)(3)(B). If a court grants a Rule 37 motion to compel, or if discovery is received after a Rule 37 motion is filed, then the court must award reasonable expenses and attorney's fees to the successful party, unless the successful party did not confer in good faith before the motion, the opposing party's position was substantially justified, or other circumstances would make an award unjust. Fed. R. Civ. P. 37(a)(5)(A).

## III.   ANALYSIS

### A.   Plaintiff's Motion to Compel Discovery from Defendant Allen Park

#### 1.   *Interrogatory no. 5 and Request for Production nos. 5, 9, and 14*

Plaintiff's Interrogatory no. 5 requests the complete disciplinary history of Defendant Mack. (Docket no. 37-3 at 4.) Defendant City of Allen Park objected to this interrogatory as follows:

> Defendant objects to interrogatory number 5 as it seeks information precluded by the Order of the Court granting a stay as to Defendant Mack and also seeks information which is overbroad, unduly burdensome and seeks information which is wholly irrelevant to Plaintiff's claims. Without waiving this objection, Ofc. Mack has never been disciplined for actions related to the search of a subject.

(*Id.*) Plaintiff's RFP nos. 5, 9, and 14 seek similar information from Defendant City of Allen Park:

> 5. Complete disciplinary, internal affairs, personal affairs, citizen complaints and personnel files including any and all psychological evaluations in hiring for Defendant Mack.

9. Complete psychological testing records in the hiring process or otherwise of defendant Mack.

14. The complete investigation files for any citizen complaints for Defendant Mack.

(*Id*. at 9, 10.) Defendant submitted the following response to RFP no. 5:

Defendant objects to this Request to Produce as it seeks information precluded by the Order of the Court granting a stay as to Defendant Mack and also seeks information which is overbroad, unduly burdensome and seeks information which is wholly irrelevant to Plaintiff's claims. Without waiving this objection, Ofc. Mack has never been disciplined for actions related to the search of a subject, has not been the subject of a citizen complaint related to the search of a subject and the City does not maintain and/or possess the psychological evaluation dating back to Ofc. Mack's date of hire.

(*Id*. at 9.) For its responses to RFP nos. 9 and 14, Defendant referred Plaintiff to its response to RFP no. 5. (*Id*. at 10.)

In response to Plaintiff's Motion, Defendant City of Allen Park argues that Plaintiff's requests are overly broad because they lack any temporal or substantive restraints. (Docket no. 40 at 15.) Defendant explains that it has employed Defendant Mack for twenty-two years and argues that "[i]t is unclear how discipline dating back to 1995, for example, and unrelated to the search of a subject, is in any way relevant to the issues raised in Plaintiff's Complaint." (*Id*. at 8, 9.) Defendant also argues that Defendant Mack's personnel file contains highly personal information unrelated to Plaintiff's claims, and he therefore has a tremendous interest in preventing it from being disclosed to the general public. (*Id*. at 16.) Defendant claims that there are less intrusive ways for Plaintiff to get the information he seeks from Defendant Mack's personnel file, e.g., through narrower RFPs or through his deposition testimony. (*Id*. at 16-17.) In reply, Plaintiff asserts that the records he seeks should be produced because he has brought claims not only for wrongful search but for wrongful stop, wrongful arrest, excessive force, and failure to stop another officer from violating a citizen's rights. (Docket no. 46 at 5, 6.)

Having considered Plaintiff's Interrogatory no. 5 and RFP nos. 5, 9, and 14, Defendant City of Allen Park's responses thereto, and the parties' arguments for and against the discovery of the information sought through these requests, the Court will deny Plaintiff's Motion in this regard. The Court acknowledges that the discovery stay in place with regard to Defendant Mack has expired and that the production of information responsive to these requests could lead to the discovery of relevant, admissible evidence. Nevertheless, the Court finds that these discovery requests are overbroad as written, as they seek irrelevant information and documents that are outside the scope of discovery in this matter. Specifically, Plaintiff failed to appropriately tailor these requests to the aspects of Defendant Mack's disciplinary history, personnel file, etc. (if any) that are relevant to Plaintiff's claims of wrongful stop, wrongful arrest, wrongful search, and excessive force. Additionally, with regard to RFP no. 9, Defendant has indicated that it does not have any psychological records related to Defendant Mack in its possession, custody, or control, and the Court cannot order Defendant to produce that which it does not have. Plaintiff's Motion to Compel the production of information and documents responsive to Interrogatory no. 5 and RFP nos. 5, 9, and 14 will therefore be denied.

### 2. *Interrogatory no. 7*

Plaintiff's Interrogatory no. 7 asks Defendant City of Allen Park to:

> Please state whether at the time of the complained of occurrence the defendant has coverage under a general liability insurance policy. Please produce a copy of the policy of insurance and the relevant collective bargaining agreement for Defendant Mack at the time of this incident.

(Docket no. 37-3 at 4.) Defendant responded in the affirmative and produced a copy of the insurance declaration sheet. (*Id*.) Defendant later supplemented its answer by producing a copy of the collective bargaining agreement and indicating that it would not object to an inspection of

the entire insurance policy at defense counsel's office at a mutually convenient date and time. (Docket no. 40 at 10; docket no. 41 at 3.)

Federal Rule of Civil Procedure 26(a)(1)(A)(iv) requires a party to make available for inspection and copying "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). The Court finds that Defendant's supplemental response to Interrogatory no. 7 complies with Rule 26 and will therefore deny Plaintiff's Motion in this regard.

> 3.      *Interrogatory nos. 23 and 24*

Plaintiff's Interrogatory nos. 23 and 24 request similar information:

> 23.  Identify by name, race, address and any other contact information all persons who have been strip or body cavity searched by Mack.

> 24.  Identify by name, race, address and any other contact information all persons who have been strip or body cavity searched by any Allen Park police officer for the 5 year period preceding this incident up to the present.

(Docket no. 37-3 at 7, 8.) Defendant City of Allen Park responded in identical fashion to these interrogatories:

> Defendant objects to interrogatory number[s 23 and 24] as [they] are vague, ambiguous and unduly burdensome. Th[ese] interrogator[ies] seek[] information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Further Defendant does not maintain records in a fashion where this information can be ascertained. Moreover, Defendant has already affirmatively stated there have been no body cavity searches performed by any law enforcement officer for the City of Allen Park.

(*Id*. at 8.)

Plaintiff argues that Defendant has not responded to the request for strip search information. (Docket no. 37 at 9.) He also argues that the information requested regarding other strip searches performed by Defendant Mack and any investigation undertaken or discipline

administered as a result of those strip searches is highly relevant to his claims in this matter. (Docket no. 46 at 3.)  Plaintiff further argues that the information requested regarding strip searches performed by other Allen Park police officers is highly relevant to show the custom, policy, and practice of Defendant City of Allen Park.  (*Id*. at 4.)  Defendant City of Allen Park argues that to properly respond to these requests, it would have to comb through years of police reports and other records to determine whether Defendant Mack or any other of its police officers conducted a strip search of an arrestee, which would be a tremendous undertaking and would require Defendant to expend an immense amount of time and resources.  (Docket no. 40 at 11, 12.)  Defendant suggests that it could attempt to obtain information responsive to these requests if Plaintiff were willing to narrow their scope.  (*Id*.)

In its response to Interrogatory no. 18, however, Defendant City of Allen Park states that no other body cavity searches have been performed by Allen Park police officers within the five-year period preceding the incident involving Plaintiff, and it asserts that upon information and belief, the only strip searches performed during that period were performed by Defendant Mack pursuant to his K-9 duties with probable cause to search.[2]  (Docket no. 37-3 at 6-7.)  Defendant later provided Plaintiff with a copy of the incident and investigation report relative to the only other individual strip searched by Defendant Mack during the five-year period, but Defendant redacted the individual's personal information (i.e., name, date of birth, address, etc.) from the report.  (Docket no. 52 at 7, 10.)  The redactions of the individual's identity are the subject of Plaintiff's second Motion to Compel.  Essentially then, through further discovery related to Interrogatory no. 18, Interrogatory nos. 23 and 24 have been reduced to the same issue as Plaintiff's Second Motion to Compel:  whether the identity of the only other individual strip

_____

[2] Plaintiff's Interrogatory no. 18 seeks a list of the Allen Park police officers who have performed strip or body cavity searches of an arrestee or detainee in the five-year period preceding the June 7, 2016 incident involving Plaintiff.  (Docket no. 37-3 at 6.)

searched by Defendant Mack (or any other Allen Park police officer) within the five years preceding Plaintiff's incident should be disclosed. And for the reasons discussed below with regard to Plaintiff's Second Motion to Compel, the Court will deny Plaintiff's first Motion to Compel with respect to Interrogatory nos. 23 and 24.

        *4.*    *RFP no. 4*

Plaintiff's RFP no. 4 asks Defendant City of Allen Park to produce "any misconduct or other investigation concerning this incident including witness interviews and garrity statements." (Docket no. 37-3 at 8.) Defendant produced a copy of the Internal Investigation Report subject to the Stipulated Protective Order Regarding Discovery entered in this matter (docket no. 25), but it redacted from the report statements it claims to be protected by the deliberative process and/or executive privilege, and it also withheld materials purportedly protected from disclosure under *Garrity v. State of N.J.*, 385 U.S. 493 (1967). (*Id.* at 9.) Defendant asserts that the sole issue remaining with regard to this RFP is whether Defendant correctly asserted the deliberative process privilege and whether any *Garrity* statements obtained from Defendant Mack are discoverable. (Docket no. 40 at 13.) In reply, Plaintiff asserts that Defendant made recordings and notes of the interviews of Defendants Gersky, Moore, and Mack, and of Sergeant Albright, but it did not produce those notes or recordings. (Docket no. 46 at 4.) Plaintiff argues that even if the recordings were made under *Garrity*, nothing in *Garrity* precludes their production in this matter. (*Id.* at 4-5.) Plaintiff also argues that the findings of the internal investigation, which were redacted by Defendant, are highly relevant to his *Monell* claim because they may show that Defendant City of Allen Park allowed Defendant Mack to commit sexual abuse and failed to do anything to discipline him. (*Id.* at 5.) Plaintiff argues that he therefore has shown a sufficient need for not only any redacted factual information but also any redacted deliberative

information, and he urges the Court to perform an *in camera* review of the redacted sections of the investigation report before ruling on this portion of the Motion to Compel. (*Id.*)

Reports of misconduct, investigations and dispositions of citizen complaints, and portions of these documents may be protected from disclosure and discovery by the executive or "deliberative process" privilege. Under the deliberative process privilege "intra-government documents which reflect advisory opinions, recommendations, and deliberations comprising part of the process by which governmental decisions and policies are formulated" are protected from disclosure in discovery. *Dowd v. Calabrese*, 101 F.R.D. 427, 430 (D.D.C. 1984). Factual material, including reports and summaries, is not protected by the privilege. *See Frankenhauser v. Rizzo,* 59 F.R.D. 339, 344-46 (E.D. Pa. 1973). "[T]he key issue in applying this exception is whether disclosure of the materials would expose an agency's decisionmaking process in such a way as to discourage discussion within the agency." *Rugiero v. Dep't of Justice*, 257 F.3d 534, 550 (6th Cir. 2001) (internal quotations and citations omitted). "Accordingly, a governmental entity asserting the privilege must show that the material sought is pre-decisional and deliberative." *Bayliss v. New Jersey State Police*, 622 F. App'x 182, 185 (3d Cir. 2015) (citing *Abdelfattah v. U.S. Dep't of Homeland Sec.,* 488 F.3d 178, 183 (3d Cir. 2007); *Redland Soccer Club, Inc. v. Dep't of Army of U.S.,* 55 F.3d 827, 853-54 (3d Cir. 1995)).

"The deliberative process privilege is a qualified privilege and can be overcome by a sufficient showing of need." *In re Sealed Case*, 121 F.3d 729, 737–38 (D.C. Cir. 1997) (footnote omitted). "This need determination is to be made flexibly on a case-by-case, ad hoc basis." *Id*. Thus, when faced with an assertion of the deliberative process privilege, "a court deciding whether to grant discovery must consider, among other factors, '(i) the relevance of the evidence sought to be protected; (ii) the availability of other evidence; (iii) the 'seriousness' of the

litigation and the issues involved; (iv) the role of the government in the litigation; [and] (v) the possibility of future timidity by government employees who will be forced to recognize that their secrets are violable.'" *Bayliss*, 622 F. App'x at 186 (quoting *Redland Soccer Club*, 55 F.3d at 854).

In accordance with an October 10, 2017 Order, Defendant City of Allen Park has provided the Court with an unredacted copy of the Internal Investigation Report at issue as well as copies of other documents that it withheld from its production in response to RFP no. 4. The Court has since reviewed the documents in their entirety and has determined that the deliberative process privilege applies to the redacted portions of the Internal Investigation Report, as they reflect the analysis, evaluation, deliberations, and opinions of Detective Lieutenant David H. Williams of the Allen Park Police Department. The Court has also considered the redacted information in conjunction with Plaintiff's *Monell* claim and the balancing factors enumerated in *Bayliss, supra*, and finds that the relevance of the information to Plaintiff's *Monell* claim, if any, is marginal. Therefore, Plaintiff's need for the information is insufficient to overcome Defendant City of Allen Park's interest in protecting the information and preventing any "future timidity" of its investigators through application of the deliberative process privilege. Accordingly, the Court will deny Plaintiff's Motion to Compel the unredacted version of the Internal Investigation Report.

In addition to withholding the unredacted Internal Investigation Report from its production in response to RFP no. 4, Defendant City of Allen Park also withheld what appear to be Detective Williams's notes regarding the investigation. The notes contain a list of Plaintiff's allegations against Defendant Mack; some notes regarding housekeeping matters; a summary of the jail processing video of the incident in question; summaries of Detective Williams's

interviews of Defendants Gersky, Moore, and Mack and Sergeant Albright; a copy of the lock-up procedure regarding prisoner processing; and a copy of the state law regarding body cavity searches.

Defendant City of Allen Park has not advanced a basis for withholding this document from its production; however, a review of the document in conjunction with Defendant's response to RFP no. 4 leads the Court to believe that Defendant withheld it on the basis that it is protected by the deliberative process privilege or because the summaries of Defendants Gersky, Moore, and Mack's interviews are protected from discovery under *Garrity*.  But because this document is comprised of factual material, namely summaries of the evidence gathered in the investigation, it is not protected by the deliberative process privilege.  *See Frankenhauser,* 59 F.R.D. at 344-46.  And despite Defendant's assertions, the protections of *Garrity* do not apply to the individual Defendants' statements in this matter.  In *Garrity*, the Supreme Court held that a police officer's statement obtained during an internal investigation under the threat of removal from office could not be used in a subsequent criminal proceeding.  385 U.S. at 500.  The instant matter, however, is not a criminal proceeding.  Moreover, there is no assertion that Defendants Gersky, Moore, and Mack gave their statements under a threat of termination.  Accordingly, Detective Williams's notes are not protected from disclosure by the deliberative process privilege or under *Garrity.  See Perry v. City of Pontiac*, No. 07-14036, 2011 WL 4345239, at *4 (E.D. Mich. Sept. 16, 2011).  The Court will therefore grant Plaintiff's Motion in this regard and order Defendant City of Allen Park to produce Detective Williams's notes to Plaintiff within twenty-one days of this Opinion and Order.

## 5. Request for Production nos. 8 and 18

Plaintiff's RFP nos. 8 and 18 ask Defendant City of Allen Park to produce "[a]ll written policy concerning Police department rules and regulations" and "[c]omplete police policy and procedure manual." (Docket no. 37-3 at 10, 11.) Defendant objected to these requests as vague, ambiguous, overbroad, and seeking irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. (*Id.*) With regard to RFP no. 18, Defendant further objected on the basis that the information sought contains sensitive and confidential law enforcement information that is prohibited from public dissemination. (*Id.* at 11.)

Plaintiff argues that Defendant City of Allen Park should produce the policies because they are relevant to the individual defendants' notice and knowledge of proper conduct and to Plaintiff's *Monell* claim. (Docket no. 37 at 11, 12.) Defendant responds that it has produced copies of its strip search and body cavity search policies in response to RFP no. 6, and that the requests are overbroad to the extent that Plaintiff seeks a copy of all of the police department's policies and procedures. (Docket no. 40 at 17-18.) Defendant also argues that it is unclear whether Plaintiff seeks the police department's current policies or those in place at the time of the alleged incident. (*Id.* at 18.) The Court agrees with Defendant. As worded, Plaintiff's RFP nos. 8 and 18 seek the production of every policy, procedure, rule, and regulation of the City of Allen Park Police Department, regardless of whether it is related to the issues at hand. Notably, Plaintiff has not responded to Defendant's arguments of overbreadth, and he has not made any effort to clarify or limit the scope of these RFPs. The Court will therefore deny Plaintiff's Motion with regard to RFP nos. 8 and 18.

6.      *Request for Production no. 24*

Through Request for Production no. 24, Plaintiff requests that Defendant City of Allen

Park produce:

> All video or digital recording of detainees strip or bodily cavity searched in the Allen Park lock up for the 5 year period preceding this incident up to the present. For all that exist with accompanying documents, please produce and [sic] all reports, search warrants and any other documents in support of those searches. This shall include but not be limited to any blotter records.

(Docket no. 37-3 at 12.)  Defendant provided the following response to this RFP:

> Defendant objects to request to produce number 24 as it is vague, ambiguous, overbroad and seeks information which is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, as indicated previously there have been no body cavity searches in the Allen Park Lock Up for the five year period preceding this incident.  Furthermore, the only known video footage of a detainee being searched in existence is the one pertaining to this subject incident which Plaintiff's counsel has in his possession.

(*Id.*)

Plaintiff vaguely argues that "Defendant has not responded to requests related to strip

searches."  (Docket no. 37 at 12.)  But Defendant's response indicates that Defendant has

produced all videos responsive to this request within its possession, custody, or control.

Accordingly, the Court finds that Defendant has fully complied with the first portion of RFP no.

24.  Defendant's response however, does not address the second portion of the RFP, through

which Plaintiff seeks, for all videos in existence, the production of any documentation supporting

the searches depicted in the videos.  The Court will therefore order Defendant to amend its

response to Plaintiff's RFP no. 24 to appropriately address the second portion of the RFP.

7.      *Request for Production no. 27*

Plaintiff's Request for Production no. 27 seeks the production of "[a]ll incident reports,

arrest reports, search reports, traffic stop reports, use of force reports and activity logs for Mack

for the 180 day period prior to the search of Plaintiff." (Docket no. 37-3 at 13.) Defendant City of Allen Park objected to RFP no. 27 as overbroad, vague, ambiguous, overly burdensome, and seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. (*Id*.) Without waiving those objections, Defendant later supplemented its response to this RFP by producing unredacted K9 Unit Activity Reports and redacted activity logs. (Docket no. 41 at 5.) Defendant, however, maintains its position that Plaintiff's request for all incident reports, search reports, arrest reports, etc. is overbroad and seeks irrelevant information, arguing that while reports that involve incidents similar to the one alleged by Plaintiff may be relevant, reports concerning dissimilar facts and circumstances are not. (Docket no. 40 at 20.) In the Joint Statement, Plaintiff indicates that Defendant redacted the names of all officers on duty with Defendant Mack from some of the reports produced, and he argues that no privilege exists for the removal of this information from the documents, especially where there is a protective order in place. (Docket no. 46 at 8.) He also argues that the information he seeks through this RFP is relevant to his claims. (*Id*.)

While Plaintiff's RFP no. 27 is appropriately limited in temporal scope, the Court agrees with Defendant that the request is substantively overbroad in that it seeks reports concerning incidents arising from facts and circumstances dissimilar to those alleged by Plaintiff in the instant Complaint. Essentially, RFP no. 27 suffers from the same flaw as Interrogatory no. 5 and RFP nos. 5, 9, and 14 – it seeks documents irrelevant to Plaintiff's claims, and it is not proportional to the needs of this case. The Court will therefore deny Plaintiff's Motion with respect to RFP. no. 27.

8.    *Request for Production no. 28*

This RFP seeks the production of Plaintiff's criminal history and any information provided to Defendant Mack during his LEIN query of Plaintiff.  (Docket no. 37-3 at 13.) Defendant City of Allen Park responded that it "is not permitted to disseminate LEIN information to unauthorized persons for unauthorized reasons absent a court order."  (*Id.*) Plaintiff, through the instant Motion, asks the Court to issue such an order, and Defendant indicates in its Response to Plaintiff's Motion that it will produce the requested information if ordered to do so.  (Docket no. 37 at 13; docket no. 40 at 20.)  The Court will grant Plaintiff's Motion in this respect and order Defendant to produce documents responsive to Plaintiff's RFP no. 28.

**B.    Plaintiff's Motion to Compel Defendants to Provide Unredacted Files of Any Other Persons Strip Searched or Bodily Cavity Searched by Defendant Mack**

Plaintiff's Interrogatory no. 18 asks Defendant City of Allen Park to "provide a complete list of any officers who have strip search [sic] and/or bodily [sic] cavity searched citizens arrested or detained by any Allen Park police officer in the 5 year period preceding the date of this incident."  (Docket no. 52-1 at 12.)  Defendant responded that no Allen Park police officer has performed a body cavity search in the five years preceding the incident at issue in this matter. (Docket no. 52-2 at 6.)  With regard to strip searches, Defendant responded that the only strip searches performed during the five-year period were performed by Defendant Mack pursuant to his K-9 duties with probable cause to search.  (*Id.* at 6-7.)  Defendant subsequently supplemented its response by providing Plaintiff with a copy of the incident and investigation report relative to the only other individual strip searched by Defendant Mack during the five-year period, but Defendant redacted the individual's personal information (i.e., name, date of birth, address, etc.) from the report.  (Docket no. 52 at 7, 10.)  Also, in response to Plaintiff's RFP no. 27, discussed

above, Defendant asserts that it produced unredacted K9 Unit Activity Reports. (*See* docket no. 41 at 4-5.) Plaintiff asserts, however, that the license plate numbers of the other vehicles stopped by Defendant Mack have been redacted from those reports. (Docket no. 48 at 6.)

Plaintiff alleges that Defendant City of Allen Park's conduct in redacting the personal information of the individual who was strip searched by Defendant Mack and the license plate numbers of the vehicles stopped by Defendant Mack has prevented Plaintiff from learning the identity of other persons who may have information relevant to Plaintiff's case, and that such conduct is inconsistent with the discovery rules. (Docket no. 48 at 5.) Plaintiff asserts that he specifically requested the discovery at issue to identify patterns and practices of the Allen Park Police Department that violate the Fourth Amendment. (*Id*. at 7.) Plaintiff also points out that Defendants do not assert any privilege or legal justification for making the aforementioned redactions, and he argues that the redacted information is not privileged and that it is "clearly relevant to patterns and practices of the municipality and the moving force bringing about the violation to the plaintiff." (*Id*. at 10, 11.)

Defendant counters that the identity of the other individual strip searched by Defendant Mack is irrelevant and that it has no bearing on Plaintiff's claim or his ability to prove his claims. (Docket no. 52 at 11.) Defendant asserts that the individual's identity does not shed light on how the Allen Park Police Department operates or whether the Police Department engaged in unconstitutional conduct. (*Id*.) Defendant also asserts that Plaintiff's Motion is nothing more than a fishing expedition. (*Id*. at 2.)

At the October 30, 2017 hearing, Plaintiff stood on his brief, but Defendant proffered for the Court's consideration a case in support of its position that the identity of the individual searched by Defendant Mack is not relevant to Plaintiff's claims in this matter: *Whittum v.*

*Saginaw County*, No. 02-10313-BC, 2005 WL 3271810 (E.D. Mich. Nov. 22, 2005) (Lawson, J.). In *Whittum*, several individuals brought a putative class action against Saginaw County and its jail officials in which they alleged that the defendants' policies and practices related to the removal of clothing from inmates and strip searches of inmates were unlawful. *Id.* at *1. Sometime after the court denied the plaintiffs' motion to certify the class, the plaintiffs filed motions to compel discovery, where much of the discovery sought was directed at learning the names of people who may have been subjected to the defendants' policies. *Id.* at *1-2, 5. The motions were referred to a magistrate judge for disposition, and the magistrate judge granted the motions, but the district judge ultimately vacated the magistrate judge's order to the extent that it required the production of information about inmates that were not named as plaintiffs in the case. *Id.* at *3, 5. In doing so, the district judge reasoned that while the names of the people who may have been subjected to the defendants' policies may have been pertinent to the motion for class certification, the case was not proceeding as a class action, and the court could not discern another basis for allowing the discovery of the names of others who were subjected to a strip search. *Id.* at *5.

Plaintiff argued at the hearing that *Whittum* is not relevant to the issues before this Court because the court in *Whittum* did not address the merit of the request for the names of individuals subjected to strip searches, rather, the court seemingly denied the discovery request as moot because class certification was denied. Plaintiff's interpretation of *Whittum* is flawed. The *Whittum* court did not deny the request as moot because the case was not proceeding as a class action; the court held that the names of the non-party individuals subjected to strip searches at the Saginaw County jail were not relevant to the plaintiffs' claim that the defendants' policies

were unconstitutional or unlawful because the case was not proceeding as a class action.  2005 WL 3271810, at *5.

This Court is aligned with the holding in *Whittum* and finds that it does apply to the instant discovery matter.  Here, Plaintiff seeks the name of the individual strip searched by Defendant Mack and the license plate numbers of the cars searched by Defendant Mack.  But like the court in *Whittum*, this Court is unable to discern the relevance of that information to Plaintiff's *Monell* claim.  And as Defendant argued at the hearing, there is no convincing argument made by Plaintiff as to why the identifying information would help prove his claims.

When prompted by the Court in this regard, Plaintiff argued that it is necessary to talk to the unidentified individual to determine whether he was subjected to a body cavity search, even though the related police report does not indicate that one was performed, because the police reports regarding Plaintiff and William Washington[3] also do not depict that they were subjected to body cavity searches, but those reports are inconsistent with Plaintiff's allegations, Mr. Washington's allegations, and the video evidence in this matter.  Plaintiff also asserted that having the license plate numbers of the cars searched by Defendant Mack would allow Plaintiff to identify the individuals subjected to those searches to determine whether they were searched in the same manner as Plaintiff.  Then, in conclusory fashion, Plaintiff stated that the identifying information he seeks is clearly relevant.

Plaintiff, however, failed to explain how the individual's name, the license plate numbers, or the information that he expects to gain from speaking with the individuals is relevant to his *Monell* claim.  Plaintiff has neither demonstrated the importance of the individual's identity or the license plate numbers to resolving the issues in this matter, nor has he shown that the benefit

---

[3] William Washington is an individual on behalf of whom Plaintiff's counsel has filed a substantially similar case against Defendants.

of the information he seeks will outweigh any burden to the individuals resulting from the release of their identities or their personal information. Accordingly, the Court will deny Plaintiff's Motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Discovery from Defendant Allen Park [37] is **GRANTED IN PART** and **DENIED IN PART** as follows:

a. Plaintiff's Motion to Compel Defendant City of Allen Park's responses to Interrogatory nos. 5, 7, 23, and 24 and RFP nos. 5, 8, 9, 14, 18, and 27 is DENIED;

b. Plaintiff's Motion to Compel Defendant City of Allen Park's response to RFP no. 4 is DENIED with regard to the unredacted version of the Internal Investigation Report and GRANTED with regard to Detective Williams's notes regarding the internal investigation of Plaintiff's allegations against Defendant Mack;

c. Plaintiff's Motion to Compel is DENIED with regard to the first portion of RFP no. 24 and GRANTED IN PART with regard to the second portion of RFP no. 24. Defendant City of Allen Park is ordered to amend its response to Plaintiff's RFP no. 24 to appropriately address the second portion of the RFP;

d. Plaintiff's Motion to Compel Defendant City of Allen Park's response to RFP no. 28 is GRANTED; and

e. Defendant City of Allen Park is ordered to produce Detective Williams's notes, amend its response to the second portion of RFP no. 24, and produce documents responsive to RFP no. 28 within twenty-one (21) days of this Opinion and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Compel Defendants to Provide Unredacted Files of Any Other Persons Strip Searched or Bodily Cavity Searched by Defendant Mack [48] is **DENIED**.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date

of this Order within which to file any written appeal to the District Judge as may be permissible

under 28 U.S.C. § 636(b)(1).


Dated:  November 7, 2017          s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Opinion and Order was served upon counsel of record
on this date.

Dated:  November 7, 2017          s/ Leanne Hosking
                                  Case Manager Generalist