UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN CAMPBELL,

    Plaintiff,                                        Case No. 16-cv-12922
                                                          Hon. Matthew F. Leitman

v.

DANIEL MACK, *et al.*,

    Defendants.

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S NOVEMBER 7, 2017, DISCOVERY ORDER (ECF #64)

In this civil-rights action, Plaintiff Kevin Campbell alleges that the Defendants violated his constitutional rights when they stopped, arrested, and subsequently strip-searched him. The parties are now engaged in discovery. On March 31, 2017, and June 1, 2017, Campbell filed motions in which he asked the Court to compel Defendants to produce certain information and documents. (*See* ECF ## 37, 48.) The Court referred these motions to the assigned Magistrate Judge. (*See* ECF ## 38, 49.) On November 7, 2017, the Magistrate Judge granted the motions in part and denied them in part (the "Magistrate's Order"). (*See* ECF #62.) Campbell has filed now filed objections to the Magistrate's Order (the "Objections"). (*See* ECF #65.) For the reasons that follow, the Objections are **OVERRULED**.

1

**I**

Under 28 U.S.C. § 636(b)(1)(A), a magistrate judge has the authority "to hear and determine [most] pretrial matter[s] pending before the court." Parties may object to such orders within fourteen days. *See* Fed.R.Civ.P. 72(a). Upon receiving objections to a non-dispositive order, "[t]he district court judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *Id. See also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (same).

**II**

Campbell has raised four objections to the Magistrate's Order. None persuade the Court that the Magistrate Judge erred.

**A**

Campbell first objects to the Magistrate Judge's refusal to order the Defendants to produce recordings of certain witness statements. (*See* Objections, ECF #64 at Pg. ID 510.) Defendants have nonetheless produced the recordings. (*See* Def.s' Resp. to Objections, ECF #65 at Pg. ID 582; ECF #65-2.) This objection is therefore **OVERRULED AS MOOT**.

**B**

Campbell next contends that the Magistrate Judge wrongly refused to require Defendants to identify a second individual subjected to a strip search by Defendant Daniel Mack at a different time. (*See* Objections, ECF #64 at Pg. ID 511-13.) Campbell argues that the Magistrate Judge erroneously concluded that the decision in *Whittum v. Saginaw County*, 2005 WL 3271810 (E.D. Nov. Nov. 22, 2005), supported her decision not to require identification of the second individual. The Court disagrees.

*Whittum* was a putative class action challenging strip searches and other actions by certain police officers. The named plaintiff sought to compel the production of (among other things) "information about inmates that [were] not named as plaintiffs in [that] case." *Id.* at *5. Another Judge of this Court declined to compel that production because – although the information could potentially have been relevant to claims of putative class members – the requested information was not relevant to the named plaintiff's individual claim. *Id.* Campbell insists that *Whittum* is inapplicable here because the Court in that case was primarily focused on the fact that the discovery at issue had been initially requested to "develop issues pertaining to class certification," which was subsequently denied. *Id.* at *3. But, as noted above, the Court in *Whittum* did not confine its analysis to class action issues and, in fact, determined that the requested discovery was not relevant to the named

3

plaintiff's individual claim. Therefore, it was not error for the Magistrate Judge to rely on *Whittum*.

Campbell also argues that the identity of the strip-searched individual is discoverable because it is "relevant to show custom, policy or practice by a municipality." (Objections, ECF #64 at Pg. ID 513.) In support of this argument, Campbell relies upon the Court's decision in *Perry v. City of Pontiac*, 2011 WL 4345279 (E.D. Mich. Sept. 16, 2011). In *Perry*, another Judge of this Court ordered the defendants to produce documents related to an internal investigation of an excessive force complaint filed by a third-party because "[a]dditional incidents of excessive force could be highly indicative of a failure to train." *Id.* at *3. But in this case, Defendants *have* produced "a copy of the incident and investigation report relative to the only other individual strip searched by Defendant Mack." (Magistrate's Order at Pg. ID 490.) The only question that remains is whether the redactions of the alleged-victim's name and other personal information in that report were appropriate, and *Perry* does not speak to that question. Moreover, Campbell has not sufficiently explained why the identity of the third party is relevant to his failure-to-train claim. Campbell's objection related to the name of the additional strip-searched individual is therefore **OVERRULED**.

**C**

In Campbell's third objection, he argues that the Magistrate Judge should have required Defendants to produce the names of all officers on duty with Mack in the 180 days prior to Campbell's arrest and strip search. (*See* Objections, ECF #64 at Pg. ID 513-14.) Campbell insists that "[o]ther officers may be potential witnesses to Mack's prior misconduct, and thus would be relevant witnesses." (*Id.* at Pg. ID 514.)

Campbell's objection is unavailing. He has not identified any other specific "prior misconduct" that has occurred and has not explained how receiving the names of all officers on duty with Mack would be anything other than a fishing expedition. Nor has Campbell even attempted to respond to the Magistrate Judge's conclusion that the request is "substantively overbroad [because] it seeks reports concerning incidents arising from facts and circumstances dissimilar to those alleged by [Campbell]." (Magistrate's Order at Pg. ID 489.) This objection is **OVERRULED**.

**D**

Campbell finally objects to Defendants' redactions of four pages of an investigation report related to this incident. (*See* Objections, ECF #64 at Pg. ID 514.) Defendants have now produced the four pages. (*See* Def.s' Resp. to Objections, ECF #65 at Pg. ID 586; ECF #65-3.) This objection is therefore **OVERRULED AS MOOT**.

5

## III

For the reasons stated above, **IT IS HEREBY ORDERED** that Campbell's Objections to the Magistrate's Order (ECF #64) are **OVERRULED**.

|  |  |
|---|---|
|  | s/Matthew F. Leitman |
|  | MATTHEW F. LEITMAN |
| Dated: December 8, 2017 | UNITED STATES DISTRICT JUDGE |

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 8, 2017, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764